IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLICE DAVID THORNTON, JR., <br><br> Petitioner, <br><br> v. <br><br> STU SHERMAN, Warden, <br><br> Respondent. | Case No. 1:15-cv-01875 MJS (HC) <br><br> **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** <br><br> **[Docs. 9, 12[1]]** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, warden of California Substance Abuse Treatment Facility, is represented in this action by Kari R. Mueller, of the Office of the Attorney General for the State of California. Both parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 5, 11.)

I.  **BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno. (Lodged

---

[1] Two copies of the motion to dismiss were filed on the Court's electronic docket. (ECF Nos. 9, 12.) The motions appear identical. Accordingly, the Court will consider the second motion as inadvertently filed.

1

1 Doc. 1) On July 19, 2010, a jury found Petitioner guilty of two counts of assault with a
2 deadly weapon and various enhancements. (Id.) On September 8, 2010, he was
3 sentenced to a determinate term of twenty-two (22) years in state prison. (Id.)

4 On October 24, 2011, the California Court of Appeal, Fifth Appellate District,
5 reversed and remanded the matter to hold a Marsden hearing to determine if Petitioner
6 required new counsel. (Lodged Doc. 2.) The California Supreme Court denied review of
7 the appellate decision on January 18, 2012. (Lodged Docs. 3-4.)

8 On April 27, 2012, the Fresno County Superior Court denied the Marsden hearing
9 and reinstated the judgment. (Lodged Doc. 5.) Petitioner appealed the decision to the
10 California Court of Appeal, Fifth Appellate District which affirmed the judgment on May
11 30, 2012. (Id.) Petitioner did not seek review in the California Supreme Court. However,
12 Petitioner proceeded to file a single collateral appeal to his conviction in state court.
13 (See Lodged Docs. 6-7.) The petition was filed as follows:

> California Supreme Court
> Filed: August 9, 2015[2];
> Denied: November 10, 2015;

(Lodged Docs. 6-7.)

Petitioner filed the instant federal habeas petition on December 8, 2015.[3] (Pet.) On March 14, 2016, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). (Mot. to Dismiss, ECF Nos. 9, 12[4].) Petitioner filed an opposition to the motion on April 11, 2016. (Opp'n, ECF No. 13.) The matter stands ready for adjudication.

---

[2] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); Hernandez v. Spearman, 2014 U.S. App. LEXIS 16252 (9th Cir. Aug. 22, 2014); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Here, Petitioner is entitled to the earlier date upon which he signed the petition, August 9, 2015, rather than August 13, 2015, the date it was received by the Court..

[3] Petitioner signed the petition on December 8, 2015. Accordingly, the Court shall consider the petition filed on that date, rather than December 16, 2015, the date it was received.

[4] It appears a duplicative copy of the motion to dismiss was filed the next day, March 15, 2016. Hence, there are two docket entries for what appears to be one motion to dismiss filed by Respondent.

## II. DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

For the sake of judicial efficiency, the Court shall review Respondent's motion to dismiss based on a violation of the one-year limitations period under 28 U.S.C. § 2244(d)(1). Because Respondent's claim is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### B. Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on December 8, 2015, and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. On May 30, 2013, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. (Lodged Doc. 5.) Petitioner did not seek review in the California Supreme Court. Accordingly, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became final on July 9, 2013, upon expiration of the forty-day period within which to file and serve a petition for review with the California Supreme Court. See Gonzalez v. Thaler, 132 S. Ct. 641, 653-654, 181 L. Ed. 2d 619 (2012); Cal. Rules of Court 8.387(b)(1); 8.500(e)(1). The AEDPA statute of limitations began to run the

following day, on July 10, 2013. <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner would have one year from July 10, 2013, absent applicable tolling, in which to file his federal petition for writ of habeas corpus.  However, Petitioner delayed in filing the instant petition until December 8, 2015, almost a year and a half after the statute of limitations period expired.  Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred as untimely.

### C.  **Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In <u>Carey v. Saffold</u>, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); <u>see also</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 (2005); <u>Evans v. Chavis</u>, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. <u>Id.</u>

Accordingly, the limitations period commenced on July 10, 2013 and expired one year later on July 9, 2014.

The statute of limitations expired over a year before the instant federal petition was filed on December 8, 2015. While Petitioner filed a post-conviction challenge to the California Supreme Court on August 9, 2015, petitions filed after the expiration of the statute of limitations period have no tolling effect. <u>Ferguson v. Palmateer</u>, 321 F.3d 820

1  (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

The present petition was filed on December 8, 2015, over a year after the expiration of the year statute of limitations period. The instant federal petition is untimely.

### D. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010); quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993). Petitioner has not presented any argument that he is entitled to equitable tolling of the petition.

### IV. CONCLUSION

As explained above, Petitioner failed to file the instant petition for Habeas Corpus within the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner was not entitled to the benefit of statutory or equitable tolling. Based on the foregoing, the Court grants Respondent's motion to dismiss.

### V. ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's Motion to Dismiss (Doc. 9, 12) is GRANTED;
2. The Petition for Writ of Habeas Corpus is DISMISSED with prejudice as untimely;
3. The Court DECLINES to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack, 529 U.S. 484. In the

present case, jurists of reason would not find debatable whether the petition was properly dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d)(1). Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

Dated:   April 13, 2016                    /s/ *Michael J. Seng*
                                                                   UNITED STATES MAGISTRATE JUDGE